RESTANI, Judge,
dissenting:
I respectfully dissent. I conclude that the reasoning of our sister circuits is correct. See Adcock v. Freightliner LLC, 550 F.3d 369 (4th Cir.2008); Hotel Envps. & Rest. Emps. Union, Local 57 v. Sage Hospitality Res. LLC, 390 F.3d 206, 218-19 (3d Cir.2004). Therefore, I would affirm the dismissal granted by the District Court.
I also write because I do not agree that an improper intent on behalf of the union or employer in demanding or offering the types of concessions at issue here transforms an otherwise “innocuous” concession into a bribe or constitutes extortion in violation of § 302 of the Labor Management Relations Act (“LMRA”). Mulhall has not alleged that Mardi Gras offered these concessions as a bribe.[1] Thus, I put this issue aside and focus on whether a union that demands these types of concessions with an improper intent commits extortion and thereby runs afoul of § 302.
Adding the element of intent is a nonstarter because to do so conflicts with the purpose of the LMRA regardless of whether the focus is the concessions or the intent behind them. Unions demand these types of concessions, and may threaten to cause disruptions if the concessions are not given. The purpose is to make it easier to achieve collective bargaining rights on behalf of the target employees. The LMRA is designed to promote both labor peace and collective bargaining. See Adcock, 550 F.3d at 375 (citing Arroyo v. United States, 359 U.S. 419, 425, 79 S.Ct. 864, 3 L.Ed.2d 915 (1959)) (noting the purpose behind § 302 is to promote “the integrity of the collective bargaining process”). The LMRA cannot promote collective bargaining and, at the same time, penalize unions *1217 that are attempting to achieve greater collective bargaining rights.
Even if the union has some other aim besides achieving collective bargaining rights (such as obtaining more members and dues without ever promoting the interest of the employees), such conduct implicates the union’s duty to its members, not the collective bargaining process between the employer and the union. In such a situation, employees can decline to join the union and union members can leave the union or seek their own judicial remedies. We should not, however, turn § 302 upside down to protect against possible disadvantages resulting from some union actions.
Moreover, under the majority’s holding, § 302 is not implicated unless the concessions at issue are “used as valuable consideration in a scheme to corrupt a union or to extort a benefit from an employer.” Maj. Op. at 1215. Thus, at the pleading stage, the complaint must contain sufficient factual allegations showing the union demanded these concessions as extortion or were offered by the employer as a bribe, and not just as regular ground rules of organizing.
Here, Mulhall’s complaint makes no allegations of wrongdoing relating to the formation of the Agreement or Unite’s motives at the time of contracting. See Rec. Ex. at 7-8, ¶ 7-11, ECF No. 12. Mulhall merely alleges that unions, in general, have or may have improper motives when negotiating for these concessions. Rec. Ex. at 12, ¶28 (“Unions have made, and are liable to make, wage, benefit, and other concessions at the expense of employees they exclusively represent in collective bargaining in exchange, quid pro quo, for things of value from employers.... ”). Such general allegations are insufficient under our pleading standards. Thus, even under the majority’s theory, Mulhall’s complaint fails to state a cause of action and should be dismissed.

. Mulhall’s complaint states that "it is not alleged that Mardi Gras has violated § 302(a)(2) because it has not delivered the Information, Access, or Gag Clause demanded by Local 355.” Rec. Ex. at 14, 11 38, ECF No. 12. According to the complaint, it is not the formation of the Agreement that violated § 302 but Unite’s demand and request that the Agreement be enforced. Id. at ¶ 37. To the extent bribery is at issue, I agree with Adcock that ”[b]y no stretch of the imagination are the concessions a means of bribing representatives of the Union[.]” 550 F.3d at 375.